**In re: AIR CRASH AT TEGU-CIGALPA, HONDURAS, ON MAY 30, 2008.**

**MDL No. 2005.**

United States Judicial Panel on Multidistrict Litigation.

Feb. 10, 2009.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN*, W. ROYAL FURGESON, JR., and FRANK C. DAMRELL, JR., Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel\***: Common defendant TACA International Airlines, S.A. (TACA) moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings in the Central District of California of the actions listed on Schedule A. The defendant's motion encompasses two actions pending in the Central District of California and the Southern District of Florida, respectively.

Plaintiffs in the Central District of California action support the motion. Plaintiffs in the Southern District of Florida action support centralization of the actions, but suggest the Southern District of Florida as the transferee district.

█ On the basis of the papers filed and hearing session held, we find that these two actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Both actions concern the cause or causes of the crash at Tegucigalpa, Honduras, on May 30, 2008, of an Airbus A–320 aircraft operated by defendant TACA as Flight 390. Centralization under Section 1407 will eliminate duplicative discovery, particularly with respect to potential international discovery; prevent inconsistent pretrial rulings, including those related to jurisdic-

tional issues; and conserve the resources of the parties, their counsel and the judiciary.

Although only two actions are pending, centralization under Section 1407 is more suitable than informal coordination given that both actions have been pending for nearly the same length of time and arise from the same accident. Also, no party has opposed centralization.

█ Either of the two suggested transferee districts, the Central District of California and the Southern District of Florida, would be an appropriate transferee forum for this litigation. One action is pending in each district, and neither action is well progressed. On balance, we are persuaded that the Southern District of Florida is preferable. Centralization in this district permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who is not currently presiding over another multidistrict litigation docket and who has a caseload relatively favorable to accepting this assignment.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Southern District of Florida is transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Alan S. Gold for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

### SCHEDULE A

MDL No. 2005—IN RE: AIR CRASH AT TEGUCIGALPA, HONDURAS, ON MAY 30, 2008

*Central District of California*

    *Rubenia Bonilla–Maldonado, et al. v. TACA International Airlines, S.A., et al.,* C.A. No. 2:08–4216

---

* Judge Hansen took no part in the decision of this matter.

◼◼◼◼◼◼◼

*Southern District of Florida*

*Dora Vila Paz Rosales, et al. v. Taca International Airlines, S.A., et al.,* C.A. No. 1:08–22591